**Opinion issued February 14, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00384-CV

———————————

## IN RE TINA AND GREG SALVERSON, Relators

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relators, Tina and Greg Salverson, filed a petition for writ of mandamus, asking the Court to direct respondent[1] to (1) vacate his order striking relators'

---

[1] Respondent is the Honorable Jim York of the 246th District Court, Harris County, Texas.

petition in intervention and (2) allow relators to intervene in the underlying suit.[2] We dismiss the petition for writ of mandamus as moot.

In the underlying case, the Department of Family and Protective Services ("DFPS") petitioned for emergency protection of D.K.R. and D.R.R., the minor children made the subject of this suit, seeking conservatorship and termination of the parents' rights. Relators, who are the foster parents, petitioned to intervene in the suit, seeking conservatorship. After a hearing, the trial court struck the intervention, applying Family Code section 102.003(12). *See* TEX. FAM. CODE ANN. § 102.003(12) (West Supp. 2012) (governing standing to file original suit). We conditionally granted the relator's petition for mandamus relief, directing the trial court to vacate its order and to reconsider the petition under the intervention rule set forth in section 102.004(b). *In re Salverson*, No. 01-12-00343-CV, 2012 WL 1454549, at *4 (Tex. App.—Houston [1st Dist.] Apr. 23, 2012, orig. proceeding) (not designated for publication); *see* TEX. FAM. CODE ANN. § 102.004(b) (West 2008) (governing standing to intervene).

On April 24, 2012, the trial court struck the relators' petition in intervention under section 102.004(b), and relators filed the instant petition for mandamus relief. On May 11, 2012, the trial court signed a final judgment, approving a mediated settlement agreement concerning conservatorship.

---

[2] *In the Interest of D.K.R. and D.R.R.*, No. 2010-31668, 246th Dist. Court (Harris Cnty., Tex.).

"[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). With exceptions not applicable to the instant proceeding, "a court cannot decide a case that has become moot during the pendency of the litigation." *Id.* at 162. A case is moot if there ceases to be "a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Id.* If a proceeding becomes moot, the court must dismiss the proceeding for want of jurisdiction. *See id.*

Because the record shows that the trial court has signed a final judgment resolving the issue of conservatorship, there is no longer a justiciable controversy between the parties that would be resolved by the petition for mandamus relief. *See id.*; *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245–46 (Tex. 1994) (stating that, "for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought"); *see e.g., In re Dunn*, No. 06-04-00003-CV, 2004 WL 97439, *1 (Tex. App.—Texarkana Jan. 22, 2004, orig. proceeding) (not designated for publication) (dismissing petition for writ of mandamus as moot because judgment had been rendered in underlying lawsuit). Therefore, relators' petition for writ of mandamus is moot, and we must dismiss it for want of jurisdiction. *See Heckman*, 369 S.W.3d at 162.

3

Accordingly, we dismiss the petition for writ of mandamus as moot. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.